UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
UNITED STATES OF AMERICA                    :
                                            :   **ORDER**
            - v. -                          :
                                            :   20 Cr. 640 (KMW)
VETTHYA ALCIUS,                             :
                                            :
            Defendant.                      :
                                            :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, the Court has referred to the Magistrate Judge on duty the change-of-plea proceeding for defendant VETTHYA ALCIUS;

WHEREAS the defendant has requested that her guilty plea be taken remotely by video conference or by telephone conference, if video conference is not reasonably available;

WHEREAS the ongoing COVID-19 pandemic necessitates that the proceeding take place remotely;

WHEREAS the Coronavirus Aid, Relief, and Economic Securities Act, findings made by the Judicial Conference of the United States, and the November 30, 2020 Amended Standing Order of Chief Judge Colleen McMahon of the Southern District of New York allow for guilty pleas to be taken by video teleconference, or telephone conference if video teleconferencing is not reasonably available, subject to certain findings made by the District Judge;

WHEREAS the Court understands that the Magistrate Judge on duty shall hear the defendant's plea by telephone if videoconference is not reasonably available;

THE COURT HEREBY FINDS that because defendant VETTHYA ALCIUS has consented to proceeding remotely and for the reason set forth in the parties' letter of December 22,

2020, the plea proceeding cannot be further delayed without serious harm to the interests of justice and may proceed remotely by video or telephone conference.

SO ORDERED.

Dated: New York, New York
       December 23, 2020

*[signature: Kimba M. Wood]*

HONORABLE KIMBA M. WOOD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 22, 2020

**By Email**

Honorable Kimba M. Wood
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, New York, NY 10007

      Re:    *United States v. Vetthya Alcius*, No. 20 Cr. 640 (KMW)

Dear Judge Wood:

      The Government and counsel for defendant Vetthya Alcius respectfully submit this letter on the understanding that Your Honor will refer the defendant's change-of-plea hearing to the Magistrate Judge on duty and that the defendant wishes to appear at the plea hearing remotely.

      Pursuant to Section 15002 *et seq.* of the Coronavirus Aid, Relief, and Economic Securities Act ("CARES Act"), plea proceedings may proceed by video teleconference, or telephone conference if video teleconferencing is not reasonably available, with the consent of the defendant and a finding by the District Court judge that further delay of the proceeding will result in serious harm to the interests of justice. *See* H.R. 748, Section 15002 *et seq.*, P.L. 116-136 (March 27, 2020) (noting that if "the district judge in a particular case finds for specific reasons that the plea . . . . . . in that case cannot be further delayed without serious harm to the interests of justice, the plea . . . may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available"); *see also* Southern District of New York Standing Order, 20 MC 622, November 30, 2020.

      The parties submit that delaying the change-of-plea hearing would result in serious harm to the interests of justice and attach a proposed order for the Court to make this finding. The defendant has been in custody since mid-October, when she was arrested on a warrant issued for a violation of the terms of her supervised release in case 16 Cr. 670 (KMW). This case and the pending VOSR are likely to be sentenced together following the defendant's guilty plea in the current case. The Government currently believes that guidelines sentencing range in this case is 12 to 18 months. Although the Government believes that a sentence within the guidelines range is most likely appropriate, it understands that the defense is likely to argue for a sentence that is well below guidelines range. Because of the uncertain nature of when in-person proceedings may be

able to resume, it is plausible that if the plea and sentencing in this matter do not occur remotely, the defendant may remain in custody past the point when she would otherwise be released.

                Respectfully submitted,

                AUDREY STRAUSS
                Acting United States Attorney

        By:   /s/ Andrew Jones
                Andrew Jones
                Assistant United States Attorney
                Tel. 212-637-2249 | (646) 483-9508

cc:     Lisa Scolari, Esq., (by email)